```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
GALEN ROBERTS, et al.           :    CIVIL ACTION
                                :
          v.                    :
                                :
CAESARS ENTERTAINMENT, INC.,    :
et al.                          :    NO. 11-3805
```

MEMORANDUM

Bartle, J.                                        December 7, 2011

       Plaintiffs Galen Roberts and his wife Robin Roberts bring this diversity personal injury action against Boardwalk Regency Corporation d/b/a Caesars Atlantic City[1] ("Boardwalk") and Schindler Elevator Corp. and Schindler Enterprises, Inc. (collectively, "Schindler").  Before the court is the motion of defendant Boardwalk to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure or for improper venue under 28 U.S.C. § 1391(a).  The court permitted discovery limited to the issue of its personal jurisdiction over defendant Boardwalk.

       When a defendant moves to dismiss a claim under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists.  See Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).  At this stage the plaintiff must establish only

---

1. Plaintiff incorrectly designated defendant Boardwalk Regency Corporation d/b/a Caesars Atlantic City as "Caesars Entertainment, Inc. t/d/b/a Caesars Atlantic City a/k/a Boardwalk Regency Corp."

"a prima facie case of personal jurisdiction" and is entitled to have his allegations taken as true and all factual disputes drawn in her favor.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).  Nonetheless, the plaintiff must allege "specific facts" rather than vague or conclusory assertions.  Marten, 499 F.3d at 298.

A federal district court sitting in diversity may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state.  Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania law provides for jurisdiction coextensive with that allowed by the Due Process Clause of the Constitution.  42 Pa. Cons. Stat. Ann. § 5322(b).

Under the due process clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted).  A parallel inquiry is whether the defendant's contacts with the forum state are such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A federal district court may exercise personal jurisdiction over a nonresident defendant based on either general jurisdiction or specific jurisdiction.  "General jurisdiction

exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)).  There is specific jurisdiction when the claim arises from or relates to conduct purposely directed at the forum state.  Id. (citing Hall, 466 U.S. at 414-15 nn.8-9).

Here, there is no basis for personal specific jurisdiction because the claim does not arise from or relate to conduct purposely directed at Pennsylvania.  Plaintiff Galen Roberts alleges that the negligence of the defendants caused him to be struck and injured by closing elevator doors at Caesar's Palace, a casino in Atlantic City, New Jersey which Boardwalk owned, possessed, controlled, and operated.  His wife claims loss of consortium.  The claim thus arose in New Jersey.

Under Pennsylvania's long-arm statute, general personal jurisdiction over a corporation is established if the defendant corporation qualifies as a foreign corporation under the laws of the Commonwealth.  See 42 Pa. Cons. Stat. § 5301(a)(2)(i).  Our Court of Appeals has held that Pennsylvania courts may exercise general personal jurisdiction over a corporation based solely on the fact that the corporation registered as a foreign corporation with the Pennsylvania Department of State.  See Bane v. Netlink, Inc., 925 F.2d 637, 641 (3d Cir. 1991).  In Bane, the defendant had no offices in Pennsylvania and did not conduct regular business activities here, but by registering as a foreign corporation with the Pennsylvania Department of State, it had

consented to be sued in Pennsylvania courts under the Commonwealth's long-arm statute, 42 Pa. Cons. Stat. § 5301(a)(2)(i).  Id. at 640.  Just as had the defendant in Bane, Boardwalk has registered as a foreign corporation with the Pennsylvania Department of State, with an address in Philadelphia.  Accordingly, Boardwalk has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  We will deny the motion of Boardwalk to dismiss for lack of personal jurisdiction.

Boardwalk also contends that venue is not proper in this court because there is no personal jurisdiction over it.  Under 28 U.S.C. § 1391(a), an action based solely on diversity of citizenship may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

We have found that this court may exercise personal jurisdiction over Boardwalk, and there is no dispute as to this court's personal jurisdiction over Schindler.  A defendant that is a corporation resides where it is subject to personal

-4-

jurisdiction.  See 28 U.S.C. § 1391(c).  Accordingly, the first prong of § 1391(a) is satisfied, and venue is proper in this court.  We will deny the motion of Boardwalk to transfer venue of this action to the United States District Court in New Jersey.